UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL DEFRANCE WILLIAMS,

        Plaintiff,

v.

        Civil Number 20-11553
        Honorable David M. Lawson

CHARLES CARLSON, MICHAEL R. DEAN,
MATTHEW SALISBURY, MARY MITCHELL,
HEIDI WASHINGTON, RICHARD D. RUSSELL,
CONNIE HORTON, MILLER, BROWN, BUTLER,
MRS. BROWN, CANDACE NEWTON,
LISA BELANGER, and DANA NESSEL,

        Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Donnell Williams, who is currently confined by the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Williams alleges that the defendants failed to protect him from sexual harassment and retaliation, mishandled his Prison Rape Elimination Act complaints and grievances, and related issues. The events giving rise to the complaint appear to have occurred while Williams was confined at the Alger Correctional Facility in Munising, Michigan, and the Chippewa Correctional Facility in Kincheloe, Michigan, both of which are located in the Western District of Michigan. Williams names as defendants several MDOC officials and prison employees at the Chippewa Correctional Facility in their personal and official capacities, seeking money damages. Because all of the defendants are located in Michigan's Western District, the case should be transferred to the United States District Court for the Western District of Michigan.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) states:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may transfer a case on its own motion for improper venue. *Carver v. Knox Cty., Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The named defendants reside in Ingham County or Chippewa County, Michigan, and the events giving rise to the complaint appear to have occurred in those counties, as well as Alger County, Michigan. All of those counties are located in the Western District of Michigan. *See* 28 U.S.C. § 102(b). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court. The Western District is also a more convenient forum.

Accordingly, it is **ORDERED** that the Clerk of the Court **TRANSFER** this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge
Sitting by special designation

Dated: July 1, 2020